**IT IS ORDERED as set forth below:**

**Date: April 30, 2018**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>JOAN F. MURPHY,<br><br>        Debtor. | CASE NO. 15-56050-WLH<br><br>CHAPTER 7 |
| JASON L. PETTIE,<br>CHAPTER 7 TRUSTEE FOR THE ESTATE OF JOAN F. MURPHY,<br><br>        Plaintiff,<br><br>v.<br><br>RAY MURPHY<br><br>        Defendant. | ADVERSARY PROCEEDING<br>NO. 17-5275-WLH |

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (the "Motion"). Plaintiff seeks a determination that a security deed recorded post-petition is void and that the post-petition recording constitutes a willful violation of the automatic stay. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

### I. FACTS

Plaintiff filed the Motion on March 28, 2018 and included a Statement of Undisputed Facts. Defendant did not respond to the Motion and did not dispute the Statement of Undisputed Facts and has therefore admitted the facts identified therein. BLR 7056-1(a)(2).

Joan F. Murphy (the "Debtor") filed a Chapter 7 bankruptcy petition on April 3, 2015 ("Petition Date"). Jordan Lubin ("Plaintiff" or "Trustee") was appointed as Chapter 7 trustee in the case. On June 1, 2006, the Debtor executed a deed to secure debt ("Security Deed") in favor of Defendant conveying an interest in the property located at 6081 Cedar Mountain Road, Douglasville, Georgia (the "Property") to secure a debt in the amount of $125,000. As of the Petition Date, the Debtor owned the Property, but the Security Deed was not recorded in the real property records of Douglas County, Georgia. Defendant instead recorded the Security Deed in the real estate records of Douglas County on November 14, 2016, more than a year after the Petition Date.

The Trustee previously filed a complaint to avoid the transfer that occurred by virtue of the execution of the Security Deed under 11 U.S.C. § 544(a)(3) and to preserve the avoided transfer for the benefit of the bankruptcy estate under 11 U.S.C. § 551. The Court found there was no actual or constructive notice to the Trustee of the transfer of the Security Deed to Defendant and

2

the Trustee was entitled to avoid the transfer pursuant to 11 U.S.C. § 544(a)(3). The avoided transfer of the Security Deed was preserved for the benefit of the estate pursuant to section 551.

Plaintiff initiated this adversary proceeding by filing a Complaint on November 14, 2017, seeking a determination the recording of the Security Deed is void, to avoid the recording pursuant to section 549(a), and to find the recording constitutes a willful violation of the automatic stay under section 362. Defendant answered the Complaint on December 19, 2017.

Plaintiff filed the Motion on March 28, 2018. Defendant had until April 18, 2018 to respond. Defendant filed an untimely response to the Motion on April 27, 2018. For the reasons stated below, the Court finds partial summary judgment is appropriate.

## II.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056(c). "The substantive law [applicable to the case] will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of proving there are no disputes as to any material facts. Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1993). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The party moving for summary judgment has "the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." U.S. v. Four Parcels

3

of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (*citing* Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553). What is required of the moving party, however, varies depending on whether the moving party has the ultimate burden of proof on the issue at trial. Once this burden is met, the nonmoving party cannot merely rely on allegations or denials in its own pleadings. *See* Fed. R. Civ. P. 56(e). Rather, the nonmoving party must present specific facts that demonstrate there is a genuine dispute over material facts. Hairston, 9 F.3d at 918. When reviewing a motion for summary judgment, a court must examine the evidence in the light most favorable to the nonmoving party and all reasonable doubts and inferences should be resolved in favor of the nonmoving party. Id.

### III.     ANALYSIS

Plaintiff seeks a determination the post-petition recordation of the Security Deed is void[1] and a finding that the post-petition recording constitutes a willful violation of the automatic stay under section 362(k) of the Bankruptcy Code.

#### a. Count I: the post-petition recordation of the security deed is void

The filing of a bankruptcy petition operates as a stay of "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). The automatic stay is one of the most important provisions of the Bankruptcy Code and is designed to afford debtors "breathing space" to reorder their affairs, make peace with their creditors, and enjoy a clear field for future effort. *See* NLRB v. Bildisco & Bildisco, 465 U.S. 513 (1984). The stay also serves to "protect[] the debtor from its pre-petition creditors by stopping all collection efforts, all harassment, and all foreclosure actions" while also "protect[ing] all creditors by ensuring that the

---

[1] Plaintiff also seeks, in the alternative, to avoid the recording under section 549 of the Bankruptcy Code. Because the Court finds there is no genuine issue of material fact the recording is void, the Court declines to consider Count II.

4

estate will be preserved against attempts by other creditors to gain an unfair advantage with respect to the payment of claims." In re Lickman, 297 B.R. 162, 188 (Bankr. M.D. Fla. 2003) (citing Martino v. First Nat'l Bank of Harvey (In re Garofalo's Finer Foods, Inc.), 186 B.R. 414, 435 (N.D. Ill. 1995)). The Eleventh Circuit has ruled that transactions in violation of the automatic stay are void. *See* Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir. 1982).

The filing of a security deed after the petition date is deemed to be an "act to create, perfect, or enforce any lien against the property of the estate," in violation of the automatic stay provided for in 11 U.S.C. § 362(a)(4). Such acts are therefore void. *See* Scarver v. Ellis (In re McKeever), 567 B.R. 652, 661 (Bankr. N.D. Ga. 2017); In re Wheeler, 5 B.R. 600 (Bankr. N.D. Ga. 1980); In re Hugh, No. 09-10164-WHD, 2009 Bankr. LEXIS 4251, at *11 (Bankr. N.D. Ga. Nov. 25, 2009).

It is undisputed the Security Deed was recorded after Debtor filed bankruptcy and while the automatic stay was in effect. Accordingly, the recording of the Security Deed is void in violation of the automatic stay, and summary judgment is warranted for Plaintiff on Count I of the Complaint.

### b. Count III: Willful Violation of the Automatic Stay

Plaintiff alleges Defendant willfully violated the automatic stay by recording the Security Deed post-petition. If a creditor willfully violates the automatic stay, the Bankruptcy Code establishes a mechanism both to provide compensation for the offense and to punish the offender. Section 362(k) of the Bankruptcy Code provides as follows:

> Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1).

The section refers to an "individual." The term "individual" is not defined in the

5

Bankruptcy Code. This Court has previously found, though, the trustee is not an individual entitled to recover damages under section 362(k). *See* Gebhardt v. McKeever (In re McKeever), 550 B.R. 623, 643 (Bankr. N.D. Ga. 2016). As the Court explained in Gordon v. Taylor (In re Taylor), 430 B.R. 305 (Bankr. N.D. Ga. 2010), "recovery under [section 362(k)] is limited to individuals. The Bankruptcy Code does not define individual. "[W]hile a trustee can be an 'individual' if the trustee is a natural person (as opposed to, e.g., a corporate entity), the individual status as trustee precludes any finding that the trustee suffered any damages as an individual, because any harm suffered in the form of costs and attorney's fees is actually incurred by a thing, viz. the bankruptcy estate, and not by the trustee as a natural person.'" Id. at 315 (second alteration in original).

Plaintiff alleges Defendants willfully violated the automatic stay. However, Plaintiff lacks standing under section 362(k) to seek damages. Accordingly, summary judgment is not warranted for Plaintiff on Count III of the Complaint.

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** the Motion is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the recording of the Security Deed in the public records is rendered null and void and without any effect. Any lien created by the recording is hereby removed as a lien on the Property.

Partial judgment in favor of Plaintiff will be entered by separate order.

The Clerk's Office is directed to serve a copy of this order on Plaintiff, Plaintiff's counsel, Defendant, Defendant's counsel, and the United States Trustee.

**END OF DOCUMENT**